**NORTH CAROLINA**

**GUILFORD COUNTY**

**IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION**
25CV030017-400

| | |
|---|---|
| LINDA DAVIS | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TITLEMAX OF VIRGINA, INC. | |
| Defendant. | |

Plaintiff, complaining of Defendant, alleges and states as follows:

1.  Plaintiff is a North Carolina resident who entered into one or more car title loan transaction(s) with one or more of the Defendants.

2.  Defendant TitleMax of Virginia, Inc. is a predatory car title loan lender.

3.  Defendant loaned money at illegal interest rates (100+%) and then entered North Carolina in conjunction with the loans.

4.  Time after time arbitrators and courts have concluded that TitleMax is violating the North Carolina Consumer Finance Act and committing Unfair & Deceptive Trade Practices with its systematic predatory "loans" to North Carolinians.

5.  Now, after losing these cases in arbitration, TitleMax has tried a new method to avoid or delay liability for its tortious conduct.

6.  Plaintiff in this action originally sued TitleMax in state court.

7.  The federal court where this matter was pending ordered the matters to arbitration.

8.  TitleMax lost at arbitration.  See Exhibit 1.

9.  In prior similar matters, TitleMax opposed confirmation and sought to have awards vacated in Federal Court.  The Middle District of North Carolina confirmed the prior awards and threatened Rule 11 sanctions for TitleMax's meritless arguments.

10. TitleMax appealed some award confirmations to the Fourth Circuit, arguing for the first time that federal district court lacks subject matter jurisdiction to enter Judgments on the arbitration awards (in arbitrations the federal court ordered) pursuant to the newly decided *Badgerow v. Walters*, 596 U.S. 1 (2022), which was decided while these cases were pending.

11. Given the change in law in the interim, the Fourth Circuit agreed, and now this matter, which now involves less than $75,000 in dispute, must be confirmed in State Court, rather than Federal Court, despite the fact that the case that TitleMax removed to Federal Court remains pending.

12. Now these awards have also repeatedly been confirmed here in Guilford Court Superior Court and Judgment entered against TitleMax. Plaintiff seeks the same relief.

13. Despite all of this, TitleMax still refuses to pay this award. Plaintiff files this action seeking to confirm and enter Judgment on the Final Award.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Motion to Confirm Awards — All Defendants)**

14. Plaintiff realleges the allegations contained above.

15. Plaintiff moves pursuant to 9 U.S.C. § 9 and NC Gen. Stat. 1-569.22 for an Order Confirming the Awards.

16. TitleMax will likely argue that *Snipes v. TitleMax of Va.*, Inc., 876 S.E.2d 864 (N.C. App. 2022), supports vacating the awards. However, the issue present in *Snipes*—the arbitrator's failure to consider a choice of law provision—is not present in these cases.

17. As such, an Order ought be issued confirming the Award.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Judgment — All Defendants)**

18. Plaintiff realleges the allegations contained above.

19. Both federal (9 U.S.C. § 13) and state (NC Gen. Stat. 1-569.25) law require entry of Judgment after an order of confirmation is granted.

20. Plaintiff moves for a Judgment against each applicable Defendant for each Final Award.

21. Plaintiff has been damaged by Defendants' failure to pay the Awards, which amount is at least the sum of $10,000.00 each.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That the Award be Confirmed;

2. That Judgment be entered consistent with the Award;

3. That Plaintiff have and recover of Defendant interest and attorneys' fees as by law provided;

4. For such other and further relief as the Court may deem just and proper.

This the 29th day of December, 2025.

*/s/ Drew Brown*
Drew Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 478-6000 (telephone)
drew@greensborolawcenter.com

**AMERICAN ARBITRATION ASSOCIATION**
**Consumer Arbitration Rules**
**01-25-0000-1597**

Linda Davis,

      Claimant,

v.


TitleMax of Virginia, Inc. d/b/a TitleMax,

      Respondent.

_____/

# FINAL AWARD OF ARBITRATOR

    I, Gary S. Qualls, the undersigned Arbitrator, having been designated in accordance with the arbitration agreement entered into between the above-named parties and the court order dated December 6, 2024, and having been duly sworn, and having fully reviewed and considered the written documents submitted to me by the parties, each represented by counsel, and having previously rendered an Order on Cross Dispositive Motions and Interim Award dated November 20, 2025, which is confirmed, adopted and incorporated as if fully set forth herein, do hereby issue this FINAL AWARD as follows:

## I.    <u>Attorney Fee Award.</u>

    After reviewing Claimant's December 1, 2025 Motion for Costs, Attorneys' Fees and Interest, and the accompanying exhibits – including the Declaration of Andrew Brown submitted on behalf of Claimant ("Claimant's Fee and Cost Declaration") of the same date, I now make the following ruling on attorney fees.[1]

---

[1] Respondent did not file any response within the 14-day period that I prescribed for a response.

**01-25-0000-1597**

1604458284.1

## A. __Attorney Fee Provisions.__

First, in determining the hourly attorney fee rate to award, I am guided by the specific language of N.C. Gen. Stat. § 75-16.1, which provides:

> Attorney fee. In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow __a reasonable attorney fee__ to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party . . . . (emphasis added).

In assessing reasonableness, I am instructed to consider:

1. the time and labor expended;

2. the skill required;

3. the customary fee for like work;

4. the experience or ability of the attorney;

5. the novelty and difficulty of the questions of law;

6. the adequacy of the representation;

7. the difficulty of the problems faced by the attorney, especially any unusual difficulties;

8. the type of case; and

9. the result obtained.

*United Labs., Inc. v. Kuykendall,* 335 N.C. 183, 195, 437 S.E.2d 374, 381–82 (1993).

**B. The Hourly Rate and Hours Spent.**

Clearly, $500 is a reasonable hourly fee for doing the type of sophisticated analysis and argumentation at issue here. In my Interim Award, I asked the following:

> Within 14 days after Claimant's submission for fees and costs, Respondent may file a response regarding any such request for attorneys' fees and costs and to Claimant's submissions. **If Respondent challenges either Claimant's counsel's rate or time spent on this matter, Respondent's counsel shall specify by affidavit the applicable hourly rate(s) of all attorneys working on this matter on Respondent's behalf and their time spent on this matter for my comparative consideration.**

*See* November 20, 2025 Interim Award, p. 43 (emphasis added).

Respondent did not submit their own rates for my comparative consideration, and did not respond at all. Because Respondent's counsel has argued the other side of these sophisticated issues, such a submission would have provided relevant information to apply to numerous of the *United Labs* factors referenced above.

Claimant's Fee and Cost Declaration concedes that Claimant's counsel's rate has changed over time. However, where counsel's rates change over time, courts have made clear that a tribunal has discretion to apply the requesting attorney's current rates to simplify the analysis, and to counterbalance for inflation and the delay in receiving payment. *See Daly v. Hill*, 790 F.2d 1071, 1081 (4th Cir. 1986). In fact, that very point underscores that attorney rates do indeed change over time and are not stagnant. Claimant's counsel is not forever hostage to a rate that he previously charged.

Based on Claimant's Fee and Cost Declaration, $500 is a reasonable current hourly rate for someone of Claimant's counsel's skill, required experience and ability, and given the difficulty of the questions of law at issue, the adequacy of the representation, and the result obtained. *See United*

01-25-0000-1597

3

1604458284.1

*Labs., Inc. v. Kuykendall, supra.* Moreover, because counsel took this case on a contingency fee basis over a span of many years, one would reasonably conclude that an even higher rate could be justified based on the risk / reward construct in light of the *United Labs* factors.

In light of the foregoing, I specifically find that the attorney fee award should consist of 17.8 hours. The descriptions associated with those 17.8 hours are sufficient and appear very reasonable in light of the case complexity and work product. None appears excessive, redundant, or otherwise unnecessary. Chambers v. Russell, No. 1:20CV498, 2021 U.S. Dist. LEXIS 77489, at *8 (M.D.N.C. April 22, 2021) (quoting Hensley v. Eckerhart, 641 U.S. 424, 434 (1983)).

It is clear to this Arbitrator that Respondent has continued to alter its arguments and cite new cases, to which Claimant must respond through counsel. Claimant's counsel specifically references adapting prior briefs in the time entries, and the corresponding time allocated seems more than reasonable. It is clear from the conservative hours logged by Claimant's counsel that prior experience and efficiencies are built into these time entries. Therefore, none of the time entries come anywhere close to the amount of time it would reasonably take to develop all such arguments from scratch.

### C. Specific Fee Award.

I find that $500 is a reasonable hourly fee for performing the type of sophisticated and indepth analysis and complicated work product submitted here. Thus, pursuant to N.C. Gen. Stat. § 75-16.1, the total attorney fee award is $8,900.00 = ($500 x 17.8 hours).

**01-25-0000-1597**

4

Case 1:26-cv-00137-LAF-JGM    Document 5    Filed 02/20/26    Page 7 of 8

<u>**Final Award and Relief**</u>

1.      Under N.C. Gen. Stat. § 75-16.1, Claimant is entitled to attorney fees in the amount of $8,900.00, in addition to the $8,500 in compensatory damages and $250,000 in punitive damages specified to be awarded in my November 20, 2025 Interim Award.

2.      The above sums, including all amounts awarded in the Order on Cross Dispositive Motions and Interim Award, are to be paid on or before 30 days from the date of this Final Award.

3.      The administrative fees of the American Arbitration Association totaling $2,000 shall be borne as incurred, and the compensation of the arbitrator totaling $5,100 shall be borne as incurred.

4.      This **Final Award of Arbitrator** is in full settlement of the merits of all claims submitted to this Arbitration.

5.      All claims, defenses, and contentions not expressly granted herein are denied or otherwise rejected.

**It is so Ordered.**

Dated this _29th_ day of December, 2025.


_Gary S. Qualls_
Gary S. Qualls, Arbitrator

**01-25-0000-1597**

5

1604458284.1